IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00379-WDM-MJW

CLIFFORD SCOTT FISHER,

Plaintiff,

v.

DRDC MEDICAL DEPARTMENT, et al.,

Defendants.

---

**RECOMMENDATION THAT COMPLAINT BE DISMISSED AS AGAINST DEFENDANT "HEAD OF D.R.D.C. MEDICAL DEPARTMENT"**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on April 5, 2007. (Docket No. 8).

This action was commenced on or about February 13, 2007. (Docket No. 1). Nevertheless, the pro se incarcerated plaintiff has not provided the court with information concerning the name and address of defendant Head of D.R.D.C. Medical Department so that service can be made on that defendant. On May 7, 2008, at the Rule 16 Scheduling Conference, this court had a discussion with plaintiff concerning service on this defendant, and at that time plaintiff stated that he was unable to obtain the information needed to serve a specific person. During a Status Conference on July 22, 2008, plaintiff was still unable to provide the court with such information. Therefore, an Order to Show Cause was issued that day in which a show cause hearing

was set for August 21, 2008, at 9:00 a.m. during which the plaintiff was directed to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against defendant Head of D.R.D.C. Medical Department. (Docket No. 83). At that show cause hearing, plaintiff was unable to provide any additional information concerning that defendant.

As stated in the Order to Show Cause (Docket No. 83), Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Furthermore, Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

<pre>                                        3</pre>

      (iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;

      (v) **dismissing the action or proceeding in whole or in part**;

      (vi) rendering a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

    Based upon the foregoing, it is hereby

    **RECOMMENDED** that the complaint be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against defendant Head of D.R.D.C. Medical Department.

    **NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:    August 21, 2008        s/ Michael J. Watanabe
           Denver, Colorado        Michael J. Watanabe
                                        United States Magistrate Judge