IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-00379-WDM-MJW

CLIFFORD SCOTT FISHER,

    Plaintiff,

v.

DR. OBA @ C.C.C.F., et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no 125), filed December 3, 2008, that Defendants' Motion for Summary Judgment (doc no 65) be granted and Plaintiff's Motion for Leave to File an Amended Complaint (doc no 93) be denied. Plaintiff filed an objection to the recommendation and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation.

Plaintiff's initial complaint was filed February 23, 2007. At the time, Plaintiff was incarcerated in the Crowley Count Correctional Facility ("C.C.C.F."). He alleged that he had been diagnosed with polyps in his colon in May 2006, at which time he was serving his sentence in a community corrections facility. On May 26, 2006 he underwent a flexible sigmoidoscopy administered by Dr. William Muchison at the University of Colorado Hospital. Not all of the polyps were removed; Dr. Murchison recommended a colonoscopy

as a follow up to assess the remainder of the colon and to remove the remaining polyps. The colonoscopy was scheduled for August 2006. However, in July 2006, Plaintiff's community corrections sentence was revoked and he was incarcerated at C.C.C.F. Plaintiff alleges that despite informing medical personnel upon his reincarceration that he was required to have a colonoscopy, he did not receive the procedure. Plaintiff was seen by Defendant Dr. David Oba on September 22, 2006. Dr. Oba put in a referral for Plaintiff to have the colonoscopy. Plaintiff thereafter filed several grievances. According to the response to his step one grievance, dated November 1, 2006, an outside consultation was pending and needed approval. His step two grievance was denied for failure to properly append the previous grievance. Plaintiff believed that his life was at great risk because of the possibility that polyps could become cancerous. His complaint names as defendants Dr. Oba, a nurse at the medical facility, the warden of C.C.C.F., and Plaintiff's case manager. He seeks injunctive relief and damages, asserting various constitutional claims based on the alleged failure to provide his needed medical treatment.

According to the undisputed evidence presented by Defendants in support of their motion for summary judgment, Plaintiff underwent a colonoscopy on April 24, 2007 at the Pueblo Endoscopy Suites. A follow up colonoscopy was performed on December 4, 2007. Dr. Cary Patt, M.D., a partner at South Denver Gastroenterology, P.C., reviewed Plaintiff's medical records and offered expert opinions in the form of an affidavit. Affidavit of Cary Patt, M.D. (doc no 102). Dr. Patt opines that no harm resulted to Plaintiff from the delay in providing the colonoscopy from May 2006 to April 2007, with the follow up in December 2007. Dr. Patt notes that harm would have come from the inability to remove the polyps endoscopically, from the growth of the polyps resulting in high grade dysplasia or

2

carcinoma, or from having to remove the polyps in several procedures.  Since none of these events happened, none of Plaintiff's polyps were cancerous, and the growth of additional polyps is unrelated to removal of previous polyps, Dr. Patt opines that the delay did not cause any current or lasting medical issues.  In response to certain objections raised by Plaintiff in his response brief, Dr. Patt provided a supplemental affidavit (doc no 78-2, 78-3).  In the supplement, Dr. Patt clarifies that all polyps were removed and tested during Plaintiff's procedures and further opines that other health issues raised in Plaintiff's response, and later in his proposed amended complaint, specifically kidney pain, lumps, testicle lump, prostate problems, were unrelated to the delay in receiving the colonoscopy.

Plaintiff sought to amend his complaint by motion filed September 2, 2008, several months after the deadline set forth in the Scheduling Order for such amendments.  In the proposed amended complaint, he sought to add several other medical personnel as defendants and to assert claims based on "ongoing medical concerns," specifically kidney pain, unexplained lumps on the body, mass on the right testicle, prostate trouble, and the need for another colonoscopy within three years.  He sought as relief medical expenses to be paid upon his release from prison and several million dollars in actual and punitive damages.  Plaintiff has apparently been released from C.C.C.F. since this motion was filed.

Magistrate Judge Watanabe recommends that Plaintiff's motion to amend the complaint be denied as untimely because Plaintiff offered no reason, much less good cause, for failing to amend his complaint within the time set forth in the Scheduling Order.  Plaintiff offers no specific objections to this portion of the recommendation.  I agree with Magistrate Judge Watanabe's analysis and will accept his recommendation to deny the motion to amend.

Magistrate Judge Watanabe also recommends that Defendants' motion for summary judgment be granted because (1) Plaintiff's claim for injunctive relief is moot, since he has received the medical treatment he sought and he has been released; (2) Plaintiff cannot establish a constitutional violation from the alleged inadequate or delayed medical care; and (3) the individual defendants did not personally participate in any act amounting to a constitutional violation.

I agree that the claim for injunctive relief is moot. Plaintiff's objections are somewhat confusing but I see no specific response to this portion of the recommendation. Accordingly, I accept Magistrate Judge Watanabe's recommendation that Plaintiff's request for injunctive relief should be denied as moot.

Magistrate Judge Watanabe notes, and I agree, that although Plaintiff purports to assert two separate constitutional claims, his allegations amount to a single claim of denial of medical treatment in violation of the Eighth Amendment. It is well established that prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). However, a claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (citations omitted). "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious," i.e., one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir .1999)). Delay in providing medical care can also support an Eighth Amendment claim, if the plaintiff can show that the delay resulted in substantial harm. *Id.* at 1276. That substantial harm can be the ultimate physical injury caused by the prisoner's illness or condition or an intermediate injury, such as the pain experienced while waiting for treatment. *Kikumura*, 461 F.3d at 1292.

The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Deliberate indifference" does not require a showing of express intent to harm, rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005) (citations omitted).

There does not appear to be any dispute that Plaintiff's condition, polyps in the colon, was sufficiently serious in that it was diagnosed by a physician as needing treatment. However, since the treatment was eventually provided, the issue is whether the delay in providing the colonoscopy resulted in substantial harm. Magistrate Judge Watanabe concludes that Defendants' expert evidence establishes that no harm resulted from the delay. I agree with Magistrate Judge Watanabe that Plaintiff has not submitted evidence sufficient to create an issue of fact regarding the lack of substantial harm to him resulting

5

from the delay.

In his objections, Plaintiff argues that the polyps, if untreated, were sufficient to establish a serious condition. However, as noted above, there is no dispute about this. The issue is rather the effect of the delay in treating Plaintiff, not the effect of completely failing to provide the colonoscopies. Plaintiff argues that he can establish substantial harm from the delay because during the interval he had rectal bleeding, nausea, and tiredness. He also purports to dispute Dr. Patt's opinions by offering hearsay from "the Dr. at Pueblo Endoscopy" that not all the polyps were tested for high grade dysplasia. He also contends that the photographs from his colonoscopies show that not all of the polyps were tested and points to what he believes are inconsistencies in Dr. Patt's opinions. Plaintiff's lay interpretation of his medical records and his speculation that cancer has not been definitively ruled out is not sufficient to create a genuine issue of fact regarding the lack of substantial harm to Plaintiff resulting from the delay in receiving his prescribed medical treatment. Plaintiff is no longer incarcerated and is apparently receiving medical treatment. He offers no evidence from any current provider to show that he has any untreated cancerous polyps, had to have a surgical procedure, or otherwise suffered any harm from the delay. Accordingly, his objections are overruled and this portion of the recommendation will be accepted.

Finally, I agree with Magistrate Judge Watanabe that Plaintiff has not come forth with admissible evidence sufficient to raise a genuine issue of material fact regarding any actions taken by these individual defendants that violated Plaintiff's constitutional rights. To the extent that the delay is the source of any violation, Plaintiff has not offered any facts to demonstrate that any of the named individuals were responsible for the timing of his

procedure. This provides an alternative ground for summary judgment.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael J. Watanabe (doc no 125), filed December 3, 2008 is accepted.

2. Defendants' Motion for Summary Judgment (doc no 65) is granted. Summary judgment shall enter in favor of Defendants and against Plaintiff on all claims.

3. Plaintiff's Motion for Leave to File an Amended Complaint (doc no 93) is denied.

4. Defendants may have their costs.

DATED at Denver, Colorado, on January 5, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge